DECISION AND JUDGMENT ENTRY
{¶ 1} Kraig W. Lemley appeals his convictions for violating three protection orders, the least stringent of which provided for a 500 foot buffer zone. He claims that the state failed to present sufficient evidence regarding the distance between him and the subjects of the protection orders and, thus, that the record does not contain sufficient evidence to support his convictions. Because one of the state's witnesses stated that the distance was approximately 350 feet and Lemley estimated the distance to be one-half of a football field, or 150 feet, the record contains sufficient evidence to support his convictions.
 {¶ 2} He additionally argues that the court's guilty verdicts are invalid because the court did not explicitly state that it found him guilty beyond a reasonable doubt, and because the court, in explaining its verdicts, stated "I believe."
 {¶ 3} The arguments are meritless. While the court may not have uttered the magic words "beyond a reasonable doubt," the court was well aware of the standard of proof necessary for a criminal conviction and had no need to utter those magic words. Moreover, the court's use of the word "believe," even if improper, did not concern its finding that Lemley violated the distance provisions of the protection orders. Therefore, we affirm the trial court's judgment.
 {¶ 4} On September 23, 2003, Lemley drove by a house where his ex-wife (Brenda Johnson), his current wife with whom he has divorce proceedings pending (Sonya Lemley), and their friend (Chastity Blankenship) were visiting. All three women had obtained protection orders against Lemley, which varied in the distance that Lemley was to remain from the women, with the least restrictive of the orders setting the boundary at 500 feet.
 {¶ 5} After Lemley drove by the house, he pulled into a church parking lot across the street and Johnson's fiancée called law enforcement officers. Lemley subsequently was charged with three counts of violating a protection order.
 {¶ 6} At trial, Lemley disputed that he violated any of the protection orders. He claimed that when he drove by the house, he simply was checking on the welfare of his child.
 {¶ 7} Johnson, Sonya, and Blankenship testified and while neither Johnson nor Sonya could accurately estimate the distance that Lemley was when he pulled in the church parking lot, Blankenship stated that it was approximately 350 feet. When Lemley testified, he stated that he distance was about one-half of a football field.
 {¶ 8} After hearing all of the evidence, the court found Lemley guilty of three counts of violating a protection order.
 {¶ 9} Lemley timely appealed and raises the following assignments of error: "First Assignment of Error: There was insufficient evidence for the court to find him guilty of violating the protection orders. Second Assignment of Error: The judge erred when she found defendant guilty based on a standard of proof less then [sic] proof beyond a reasonable doubt."
 I {¶ 10} In his first assignment of error, Lemley contends that the state failed to present sufficient evidence regarding the distance between him and the subjects of the protection orders and, thus, that the record does not contain sufficient evidence to support his convictions.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See, e.g.,State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 12} R.C. 2919.27 sets forth the essential elements of violating a protection order and provides: "(A) No person shall recklessly violate the terms of any of the following: (1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code; (2) A protection order issued pursuant to section 2903.213 or 2903.214 of the Revised Code; (3) A protection order issued by a court of another state."
 {¶ 13} Here, the record contains sufficient evidence to support Lemley's convictions for violating the protection orders as the least stringent of the orders precluded him from being within 500 feet of the complainant. Blankenship testified that Lemley was within 350 feet of her and the other women. Lemley himself stated that he was within one-half of a football field, which our calculations show would be 150 feet. Therefore, sufficient evidence supports his convictions and we overrule his first assignment of error.
 II {¶ 14} In his second assignment of error, Lemley claims that his convictions cannot stand because the court did not find him guilty beyond a reasonable doubt. He complains that the court never uttered the magic words "guilty beyond a reasonable doubt" and that the court found him guilty based upon "a belief."
 {¶ 15} This assignment of error is meritless. First, the trial court was well aware that the standard of proof in a criminal trial is beyond a reasonable doubt and it need not utter those magic words before finding a defendant guilty. See Statev. Graham (Dec. 11, 1986), Tuscarawas App. No. 85AP11089. Second, the court specifically found that Lemley violated the protection orders by coming within the prohibitive distances. The court's statements concerning what Lemley alleges are its "beliefs" that Lemley stalked Sonya do not negate the court's findings that Lemley was within the prohibitive distances specified in the protection orders. Accordingly, we overrule Lemley's second assignment of error and affirm the court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.